UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEON ANDRE BRACKENRIDGE,<br><br>Plaintiff,<br><br>v.<br><br>S.A.T.F. NEW CORCORAN CORRECTIONAL OFFICERS, et al.,<br><br>Defendants. | No. 1:25-cv-00352-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 18) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for appointment of counsel, filed August 4, 2025.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In support of his motion, Plaintiff argues he is unable to afford counsel, his imprisonment limits his ability to litigate, and a trial will likely involve conflicting testimony and counsel would better enable him to present evidence, cross examine witnesses, and afford him a fair trial. (ECF No. 18.) While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and incarceration, his circumstances are no different than the majority of the challenges faced by pro se prisoner litigants. The test is whether exceptional circumstances exist, and here, they do not. Normal challenges faced by pro se litigants do not warrant appointment of counsel. See Siglar v. Hopkins, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants"); Faultry v. Saechao, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel" and noting that the "impacts of the COVID-19 health crisis on prison operations are also common to all prisoners"); Snowden v. Yule, 2020 WL 2539229, at *1 (E.D. Cal., May 19, 2020) (noting that "limited access to the prison law library and resources, particularly during the current COVID-19 health crisis" is a circumstance that plaintiff shares with many other prisoners); Courtney v. Kandel, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel). Further, the Court cannot determine whether Plaintiff is likely to succeed on the merits as he has not yet stated a cognizable claim for relief. Accordingly, Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **August 12, 2025**

STANLEY A. BOONE
United States Magistrate Judge