UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEON ANDRE BRACKENRIDGE,<br><br>Plaintiff,<br><br>v.<br><br>S.A.T.F. NEW CORCORAN CORRECTIONAL OFFICERS, et al.,<br><br>Defendants. | No. 1:25-cv-00352-SAB (PC)<br><br>ORDER DIRECTING SERVICE OF SUBPOENA BY THE UNITED STATES MARSHALS SERVICE WITHOUT PREPAYMENT OF COSTS<br><br>(ECF No. 24)<br><br>ORDER DIRECTING CLERK TO ATTACH COPY OF SUBPOENA TO THIS ORDER |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

The Court previously allowed Plaintiff to issue a subpoena to the Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) in order to identify the Doe Defendants described in the operative complaint. (ECF No. 21.) Plaintiff has now completed and returned the subpoena and USM-285 form. (ECF No. 24.)

Plaintiff requests the "Incident Report Package From 7-11-2024 and Rules Violation Report of Incident." (ECF No. 24.) Plaintiff identifies the place of production as "831 R. St., Bakersfield, California, 93301." (Id.)

///

1

1    Plaintiff also checked the box directing inspection of premises and identified SATF. (Id.)
2 While the Court allowed Plaintiff to request documents so that he may identify the Doe
3 Defendants, the Court did not allow Plaintiff to inspect any premises. In addition, it is not clear
4 from the subpoena how, if at all, such an inspection is relevant to the claims proceeding in this
5 case. Accordingly, there is not requirement to allow Plaintiff to inspect any premises.

6    The Court presumes that Plaintiff is seeking the assistance of the Litigation Coordinator at
7 SATF to provide documentation and/or to identity the Doe correctional officers involved in the
8 incident which took place on July 11, 2024, to be produced at Plaintiff's current place of
9 incarceration-SATF. In addition, because Plaintiff did not provide a date and time for the
10 response, the Court will provide a deadline of thirty days to respond after service. The Litigation
11 Coordinator at SATF is only required to produce documents identified by Plaintiff to assist in
12 identifying the Doe correctional officers involved in this action.

13    Accordingly, it is HEREBY ORDERED that:

14    1. The Litigation Coordinator at SATF has **thirty (30) days** from the date of service of the
15 subpoena to respond to the subpoena.

16    2. The Litigation Coordinator at SATF is only required to produce documents identified
17 by Plaintiff in the subpoena.

18    3. Any response and/or responsive documents shall be produced to Plaintiff at his current
19 address: **Keon Andre Brackenridge (BS8167), California Substance Abuse Treatment**
20 **Facility, P.O. Box 5242, Corcoran, CA 93212-5242**.

21    4. The Clerk of Court shall forward the following documents to the United States
22 Marshals Service:

23    a. One (1) completed and issued subpoena duces tecum;

24    b. One (1) completed USM-285 form; and

25    c. Two (2) copies of this order, one to accompany the subpoena and one for the United
26 States Marshals Service.

27    5. The Clerk of Court is directed to attach a copy of the completed subpoena duces tecum
28 to this order (ECF No. 24).

      6. Within twenty (20) days from the date of this order, the United States Marshals Service SHALL effect personal service of the subpoena, along with a copy of this order, upon the Litigation Coordinator at Corcoran State Prison pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

      7. The United States Marshals Service is DIRECTED to retain a copy of the subpoena in its file for future use.

      8. Within ten (10) days after personal service is effected, the United States Marshals Service SHALL file the return of service.

IT IS SO ORDERED.

Dated:   **November 7, 2025**

STANLEY A. BOONE
United States Magistrate Judge