UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEON ANDRE BRACKENRIDGE, | No. 1:25-cv-00352-SAB (PC) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SUBSTITUTE NAMES OF DOE DEFENDANTS |
| v. | |
| S.A.T.F. NEW CORCORAN CORRECTIONAL OFFICERS, et al., | (ECF No. 27) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On October 2, 2025, the Court ordered service of Plaintiff's second amended complaint as to Doe Defendants 1 and 2 (correctional officers at Substance Abuse Treatment Facility and State Prison and State Prison, Corcoran [SATF]) for excessive in violation of the Eighth Amendment. (ECF No. 21.) However, because a Doe Defendant cannot be served, the Court allowed Plaintiff to subpoena documents from the prison to allow him to identify the Doe Defendants and sent Plaintiff the form AO 88B and form USM-285, for completion and return. (Id.)

On November 7, 2025, the Court directed service of the subpoena by the United States Marshal. (ECF No. 25.) On November 18, 2025, the executed subpoena was returned. (ECF No.

1

1  26.)

2  On December 18, 2025, Plaintiff filed a motion to "name John Doe Defendants." (ECF
3  No. 27.) Plaintiff seeks to substitute the John Doe Defendants' names to correctional officer F.
4  Figueroa, correctional officer J. Gomez, and sergeant R. Valero, all sued in their official and
5  individual capacities. (Id.)

6  The Court's October 2, 2025 screening order specifically found that Plaintiff stated "a
7  cognizable claim for excessive force against Defendant Does 1 and 2, correctional officers at the
8  Substance Abuse Treatment Facility and State Prison, Corcoran (SATF)." (ECF No. 21 at 1.)
9  Plaintiff was not granted leave to add or substitute new Defendants to this action, and there are no
10 allegations, whatsoever, to give rise to any cognizable claim against acting sergeant R. Valero.
11 Nor are there any allegations to give rise to an official capacity claim against either Doe
12 Defendant. Indeed, sergeant R. Valero is not named in the operative second amended complaint,
13 and there are no factual allegations linking him/her to any affirmative action or omission giving
14 rise to the alleged constitutional violation. In addition, Plaintiff cannot seek liability against
15 Defendants in their official capacities because "[t]he Eleventh Amendment bars suits for money
16 damages in federal court against a state, its agencies, and state officials in their official
17 capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Plaintiff
18 cannot seek to amend the complaint by way of filing a motion to substitute the Doe Defendants.[1]

19 Accordingly, it is HEREBY ORDERED that:

20 1. Plaintiff's motion to substitute the two John Doe Defendants is GRANTED;

21 2. The Clerk of Court shall substitute F. Figueroa and J. Gomez as the named
22     Defendants in this action; and

23 ///

24

---

[1] Federal Rule of Civil Procedure 15 governs amendment of pleadings, which provides that: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). An amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also Local Rule 220 (every pleading to which an amendment is permitted as a matter of right shall be retyped and filed so that it is complete in itself without reference to the prior pleading.).

3. Plaintiff's motion to add Defendant R. Valero and official capacity claims is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge